UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       Case Number 09-20023-BC
       Honorable Thomas L. Ludington

D-5 DION RICHARD HUNTER,

       Defendant.

_____ /

**ORDER DENYING DEFENDANT'S MOTION FOR TRANSFER**

       Now before the Court is Defendant Dion Richard Hunter's motion for transfer [Dkt. # 45], filed April 14, 2009, by which Defendant seeks to have this case transferred to the Southern Division. Pursuant to E.D. Mich. LR 18.1, a criminal case is assigned "to the place of holding court which serves the county in which the offense is alleged to have been committed." Defendant contends that the offense he is alleged to have committed occurred in a county in the Southern Division. Thus, he contends that this case has been improperly assigned to the Northern Division. For the reasons stated below, Defendant's motion will be denied.

       On March 25, 2009, a superseding indictment [Dkt. # 37] was filed against Defendant and four co-defendants. On April 22, 2009, a second superseding indictment [Dkt. # 46] was filed, adding an additional co-defendant. The indictment charges Defendant and his co-defendants with a conspiracy under 18 U.S.C. § 371, to commit violations of 18 U.S.C. §§ 1029(a)(1), (2), (3), and (5). Each of those statutory provisions, respectively, applies to an individual who "knowingly and with intent to defraud," engages in the following acts: (1) "produces, uses, or traffics in one or more counterfeit access devices"; (2) "traffics in or uses one or more unauthorized access devices during

any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period"; (3) "possesses fifteen or more devices which are counterfeit or unauthorized access devices"; and (5) "effects transactions, with 1 or more access devices issued to another person or persons, to receive payment or any other thing of value during any 1-year period the aggregate value of which is equal to or greater than $1,000."

The indictment also specifically alleges certain "ways and means of the conspiracy" and particular "overt acts" committed by Defendant and his co-defendants. With respect to the ways and means of the conspiracy, the indictment alleges that Defendant possessed, sold, and used counterfeit and unauthorized access devices to obtain money and buy things. The overt acts alleged include one co-defendant driving other co-defendants to meetings in Detroit in order to obtain counterfeit and unauthorized access devices from another co-defendant; the use of such devices by co-defendants to obtain items such as gift cards, large screen televisions, and video game systems; a co-defendant driving other co-defendants to stores to use such devices and transporting the items obtained; a co-defendant using a vehicle and a resident to store information related to the conspiracy, including credit card numbers; and finally, Defendant using a vehicle and residence to store equipment related to the conspiracy, including a computer and an encoder.

In support of his motion, Defendant emphasizes that the alleged conspiracy is claimed to have originated in the Detroit area, and that there is no suggestion that fraudulent devices were manufactured or sold anywhere other than in the Detroit area. Defendant contends that the fact that his co-defendants were apprehended in Saginaw, Michigan, while using the fraudulent devices does not suffice to make the Northern Division a proper assignment for this case.

However, a necessary element of a conspiracy is an overt act. 18 U.S.C. § 371 (requiring

that one or more members of a conspiracy "do any act to effect the object of the conspiracy").  In this case, the government contends that several overt acts, namely the use of the counterfeit devices, occurred in the Northern Division.  The mere fact that this case could also be properly before a court in the Southern Division does not make its assignment to this Court improper.  The case is properly before this Court and Defendant's motion for transfer will be denied.

Accordingly, it is **ORDERED** that Defendant's motion for transfer [Dkt. # 45] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 8, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 8, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS